COOKS, J.
Dissents.
|,The procedural requirements for requiring lifetime registration of sex offenders is apparently causing confusion throughout the land. Neither this court nor the Fifteenth Judicial District Court has jurisdiction to hear or rule on the issues raised in this Plaintiffs petition. This case should be dismissed for lack of jurisdiction. This is an out-of-state registry case controlled by La.R.S. 15:542.1.3(B) which refers to La.R.S. 49:950 et seq., the relevant statute being La. R.S. 49:964(B). This provision grants jurisdiction to hear the matter attacking the Bureau’s decision regarding registration of this out-of-state registrant solely to the parish in which the agency is located here being East Baton Rouge Parish. This includes the Plaintiff’s claim that our courts must give full faith and credit to Ohio’s decision affecting Plaintiff. The trial court cannot “sustain” anything in this matter and this court cannot “surmise” on any issue in this case. Additionally, until the District Attorney in the parish in which the Plaintiff resides files a motion in district court, and a contradictory hearing is had, pursuant to the provisions of La.R.S. 15:544(E), (Louisiana’s child predator laws) this Plaintiff is not required to register for life unless his conduct in Ohio constitutes an offense for which Louisiana requires |2Iifetime registration under the provisions of La.R.S. 15:544(B). But, we cannot, as the majority attempts to do, “equate” his Ohio offense to any Louisiana offense because we have no record before us and we have no jurisdiction to rule.